IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RACHELLE ANTCLIFF, as Personal Representative of the Estate of Gary Steven Antcliff, Deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 18-CV-1776-NJR-GCS<br>)<br>) |
| CUSTOM BLENDING AND PACKAGING OF ST. LOUIS, LLC, STREBOR SPECIALTIES, LLC, and DALE HORNE, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a Motion to Remand filed by Plaintiff Rachelle Antcliff (Doc. 15). For the reasons set forth below, the Court grants motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Ms. Antcliff filed this action on August 27, 2018, in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, as Personal Representative of the estate of her husband, Gary Antcliff (Doc. 2, Ex. 1). The Complaint sets forth survival actions and claims of wrongful death and strict liability against Custom Blending and Packaging of St. Louis, LLC ("Custom"), Strebor Specialties, LLC ("Strebor"), and Dale Horne. *Id.*

Custom was a limited liability company that dissolved in December 2016 (Doc. 2). Its sole member was Dale Horne. *Id.* Prior to its dissolution, Custom manufactured Aldon S-B-S Sealer, an allegedly defective and unreasonably dangerous product that caused Mr. Antcliff's death in August 2016 (Doc. 2, Ex. 1). Around that same time, Strebor and Custom entered into an Asset Purchase Agreement, in which Strebor agreed to purchase Custom's assets (Doc. 2). Ms. Antcliff alleges Strebor is liable to Mr. Antcliff's estate as Custom's corporate successor. *Id.*

Defendants filed a Notice of Removal in this Court on September 28, 2018, alleging the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 (Doc. 2). Diversity jurisdiction exists when there is complete diversity amongst the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. The basic rationale of diversity jurisdiction is to open the federal courts' doors to out-of-state parties who might suffer from local prejudice. *Hertz Corp. v. Friend*, 559 U.S. 77, 85 (2010).

When a defendant removes a case to federal court solely based on diversity jurisdiction, it must clear the additional hurdle set forth in 28 U.S.C. § 1441(b)(3), known as the "forum defendant rule." *Morris v. Nuzzo*, 718 F.3d 660, 664-65 (7th Cir. 2013). The forum defendant rule provides that a civil action, otherwise removable based solely on diversity jurisdiction, may not be removed if any of the "properly joined and served" defendants is a citizen of the state in which the action was brought. 28 U.S.C. 1441(b)(2). "The forum defendant rule is designed to preserve the plaintiff's choice of forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent

prejudice against an out-of-state party." *Morris*, 718 F.3d at 665 (internal citations and quotations omitted).

Here, the parties do not dispute that the jurisdictional prerequisites of 28 U.S.C. § 1332 are met. Ms. Antcliff also does not contest that she stands to recover more than $75,000, exclusive of interests and costs. Additionally, complete diversity exists because: Mr. Antcliff was a citizen of Indiana, so Ms. Antcliff is deemed to be a citizen of Indiana for diversity purposes, as the representative of his estate, 28 U.S.C. § 1332(c)(2); Custom was a citizen of Georgia, because Mr. Horne is a citizen of Georgia; and Strebor is a citizen of Illinois because its members, Otto Roberts, Sr., and Otto Roberts, Jr., are both citizens of Illinois, *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006) (For purposes of diversity, the citizenship of a limited liability company is the citizenship of each of its members).

Because this case was removed here on the basis of diversity jurisdiction alone, the defendants must overcome the additional hurdle of the forum defendant rule. Ms. Antcliff's Motion to Remand argues they cannot, because Strebor is a citizen of Illinois, and this case was removed to an Illinois district court. Defendants, on the other hand, argue Strebor was fraudulently joined as a defendant, so its Illinois citizenship should be ignored for purposes of establishing jurisdiction.

## DISCUSSION

"To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris*, 718 F.3d at 666 (internal citations,

quotations, and alterations omitted). If the removing defendant meets this "heavy burden," the Court may ignore the citizenship of the in-state defendant, assume jurisdiction, and dismiss the in-state defendant to retain jurisdiction. *Id.*

It is unclear whether the fraudulent joinder doctrine applies to cases like this one, where a defendant's presence implicates the forum defendant rule but does not destroy complete diversity. The Seventh Circuit was presented with this same question in *Morris v. Nuzzo*, but ultimately refused to provide a definitive answer. 718 F.3d 660 (7th Cir. 2013). Nonetheless, *Morris* contains useful commentary and is the starting point of this analysis. In *Morris*, the Seventh Circuit explained,

> The fraudulent joinder doctrine is designed to strike a reasonable balance between competing policy interests. At one end of the scale is the plaintiff's right to select the forum and the defendants, as well as the general interest in confining federal jurisdiction to its appropriate limits. At the other end of the scale is the defendant's statutory right of removal, and associated interest in guarding the removal right against abusive pleading practices.

*Id.* at 668 (internal quotations and citations omitted). The Court noted that when an out-of-state defendant's right of removal is destroyed by a diverse in-state co-defendant, there is no reason to presume bias on behalf of the local courts. *Id.* at 668-69. This is because the case can only proceed in one of two ways: (1) the in-state defendant remains in the case and any bias runs against the out-of-state plaintiff; or (2) the in-state defendant is dismissed from the case, and there is no in-state party the local court can favor. *Id.*

The Court also pointed out, however, that the right of removal is not limited to cases involving a possible risk of local bias. *Id.* at 669. "An out-of-state defendant may

remove regardless of whether a suit has been brought in the plaintiff's home state so long as there is complete diversity and no resident co-defendants." *Id.*

In the end, the Seventh Circuit stated, "Despite the logical inconsistency, we are reluctant to expand the fraudulent joinder doctrine absent a better understanding of the need to do so. Such a move would be in tension with long-established precedent that the removal statutes are to be strictly construed to preserve the limited jurisdiction of federal courts." *Id.* at 670.

Following *Morris*, a district court in the Northern District of Illinois crafted a balancing test to determine whether to apply the fraudulent joinder doctrine in cases like the one here. Strebor urges this Court to follow suit. In *Bahalim v. Ferring Pharmaceuticals, Inc.*, the district court evaluated the competing policy interests articulated in *Morris*, including deference to the plaintiff's forum choice, the defendant's right to removal, and safeguarding against abusive pleading tactics. 2017 WL 118418 (N.D. Ill. Aug. 25, 2017). The *Bahalim* court gave less deference to the plaintiffs' forum choice because neither was a citizen of the forum. *Id.* at *3. It also noted that applying the fraudulent joinder rule would curb abusive pleading practices. *Id.* at *4. Finally, the court noted that removal under 28 U.S.C. § 1441 refers to "properly joined" defendants, and fraudulently joined forum defendants are not proper parties. *Id.* at *3.

Even if this Court applied a similar balancing test, the doubts toward removal favor remand. The facts of *Morris* are not meaningfully different from the case here. Like Ms. Antcliff, the plaintiff in *Morris* was an out-of-state plaintiff. But unlike *Bahalim*, the Seventh Circuit did not find this persuasive enough to apply the fraudulent joinder

doctrine. The Seventh Circuit noted that fraudulent joinder "appears to be an exceptionally rare abusive pleading tactic." *Morris*, 718 F.3d at 670. It also explained that the "properly joined and served" provision of 28 U.S.C. § 1441 already guards against a party wrongfully triggering the forum defendant rule. *Id.* at n.3. "The rule provides at least a modicum of protection against the insertion of a 'straw-man' resident defendant whose presence blocks removal but against whom the plaintiff does not intend to proceed." *Id.* The Seventh Circuit also explained that, absent a threat of local bias to the out-of-state defendant, "federal courts have a diminished interest in protecting the removal right against abusive pleading tactics deigned to trigger the forum defendant rule." *Id.* at 669.

With these factors in mind, the Seventh Circuit in *Morris* determined it required a "better understanding" of the need to expand the fraudulent joinder doctrine before rendering a decision on the matter. *Id.* at 670. Because there are no more additional factors here than before the Seventh Circuit in *Morris*, this Court also finds it appropriate to refrain from expanding the fraudulent joinder doctrine. As reiterated in *Morris*, the Seventh Circuit consistently cautions district courts to narrowly construe removal statutes and resolve any doubts regarding removal in favor of the plaintiff's chosen forum in state court. *Id.* at 668. "Further, [expanding the fraudulent joinder doctrine] might well substantially increase the number of removal petitions filed in federal court, which would stall the administration of justice at both the state and federal levels as district courts engage in what can often be complex acts of prediction regarding the viability of a

plaintiff's state law claims. In short, the costs of expanding the doctrine could far outweigh the benefits . . ." *Id.* at 671.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff Rachelle Antcliff's Motion to Remand (Doc. 15) and **REMANDS** this action to the Circuit Court for St. Clair County, Illinois.

**IT IS SO ORDERED.**

**DATED: January 22, 2019**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**